In the Matter of the Petition of TALLAK THORSEN to be Admitted a Citizen of the United States of America.

(Supreme Court, Kings Special Term, December, 1921.)

Naturalization — service in Coast Guard, subsequent to re-transfer from navy to treasury department, does not comply with act of Congress of July 19, 1919, permitting application without filing declaration of intention.

    Where it appears that petitioner on September 22, 1921, after completing a term of exactly one year in the service of the United States Coast Guard which was by direction of the president, pursuant to the act of Congress approved June 28, 1915, transferred from the treasury department to the navy department until August 28, 1919, when it was again placed under the control and direction of the secretary of the treasury and has been ever since, the petitioner does not come within the act of Congress approved July 19, 1919, which provides that any one of foreign birth who served in the military or naval forces of the United States during the World War shall be entitled to apply for citizenship without filing a declaration of intention, etc., and such an application on his behalf will be denied.

APPLICATION for citizenship.

CALLAGHAN, J.  The petitioner, claiming the benefits of the act of Congress approved July 19, 1919, has applied under the terms of that act for citizenship. He entered the United States Coast Guard service on the 23d day of September, 1920, and was honorably discharged on the 22d day of September, 1921, after completing a term of exactly one year in that service. The act of July 19, 1919, provides, in substance, that any person of foreign birth who served in the military or naval forces of the United States during the World

War, shall, upon being honorably discharged, be entitled to apply for citizenship without filing a declaration of intention or complying with the other requirements of the Naturalization Law ordinarily required of those who have not had such service in the military or naval forces. It is the contention of the petitioner that he comes within the provisions of that act, as he urges that the coast guard is part of the naval forces of the United States. By the act of Congress, approved June 28, 1915, the present coast guard was organized. By the provisions of that act the coast guard in time of peace was to operate under the direction of the treasury department, and in time of war, at the direction of the president, it was required to operate as a part of the naval forces of the United States and subject to the orders of the secretary of the navy. By direction of the president, pursuant to the authority of the act just referred to, the coast guard service was during the period of the war transferred from the treasury department to the navy department, and continued, pursuant to such direction, until the 28th day of August, 1919, on which date the coast guard service was again placed under the control of the secretary of the treasury and has remained under his direction up to the present time. This petitioner cannot, therefore, claim the benefits of the act of July 19, 1919, unless it be held that the treasury department is a part of the military or naval forces of the United States. Of course it is not and never has been. While it appears from the record that this petitioner was induced to join the coast guard by a circular issued by the coast guard service, to the effect that he might claim the benefits of the act of July 19, 1919, after service and honorable discharge in the coast guard, yet that circumstance does not justify the court in doing violence to the plain provisions of the act of

July 19, 1919, by admitting those who do not come clearly within the provisions of that act. This application must, therefore, be denied.

Application denied.